

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00228-CR

———————————————

TARON CHRISTOPHER VENTERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1659046

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Taron Christopher Venters pled guilty to the second-degree felony offense of indecency with a child by contact and true to a prior felony conviction enhancement paragraph; the trial court placed Venters on deferred adjudication community supervision for ten years. *See* Tex. Penal Code §§ 21.11(a)(1), (d); *see also* Tex. Code Crim. Proc. arts. 42A.101, .102. Less than a year after the trial court's order, the State filed a motion to revoke community supervision, alleging six violations of Venters's community supervision conditions. At the revocation hearing, the State abandoned three of the six alleged violations, and Venters pled "not true" to the remaining allegations. Following a hearing, the trial court found all three of the State's remaining allegations "true," revoked Venters's probation, and sentenced Venters to twenty years' confinement. *See* Tex. Code Crim. Proc. arts 42A.108, .110; *see also* Tex. Penal Code §§ 12.42 (stating that upon a defendant's conviction of a second-degree felony, if the defendant has been previously, finally convicted of a felony other than a state jail felony, he may be punished for a felony of the first degree), .32 (stating that a first-degree felony punishment is for life or for any term of between 5 and 99 years' confinement and up to a $10,000 fine).

Venters's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion

meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[1]

Venters sought access to the appellate record but did not file a pro se response. The State filed a letter response in which it agreed with appellate counsel that there are no meritorious grounds on which to advance an appeal.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and a brief that fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[1]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

As is our duty, we have carefully reviewed counsel's brief and the appellate record. The record shows that the trial court did not include in its oral pronouncement of Venters's sentence a children's advocacy center fine under Code of Criminal Procedure Article 42A.455. Yet, on page two, the written judgment reflects a $100 fine under Article 42A.455.

A trial court's pronouncement of a sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.03, § 1 (providing that "sentence shall be pronounced in the defendant's presence"). When the oral pronouncement of a sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

Here, because it was not part of the trial court's oral pronouncement of Venters's sentence, we modify the written judgment to delete the $100 fine under Article 42A.455.[2] *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005,

_____

[2]In addition to the trial court's failure to orally pronounce the fine, we note that it was also illegal under the statute. Article 42A.455 states that "[a] judge who grants

no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed); *Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment.") (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (holding fines are punitive and part of a defendant's punishment and must therefore be orally pronounced in defendant's presence)); *cf. Gourley v. State*, 710 S.W.3d 368, 379 (Tex. App.—Fort Worth 2025, pet. ref'd) (modifying judgment to delete $100 Article 102.0185 fine when said fine was not orally pronounced by trial court).

Except for this modification to the judgment, we agree with counsel that an appeal would be wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

---

*community supervision* to a defendant charged with or convicted of an offense under [Penal Code] Section 21.11 . . . may require the defendant to pay a fine in an amount *not to exceed $50* to a children's advocacy center." Tex. Code Crim. Proc. art. 42A.455 (emphasis added). Here, the trial court was not placing Venters on community supervision, but was finally adjudicating Venters's guilt *following* placement on deferred adjudication community supervision, and the fine imposed in the written judgment exceeded the amount permitted by the statute. Thus, even if it had been orally pronounced, we would delete the fine.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 9, 2026